UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOSEA MOORE,

        Plaintiff,        Case Number: 06-CV-11911

v.        HON. GEORGE CARAM STEEH

ROBERT, ET AL.,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

    Plaintiff Hosea Moore filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff sought leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1). On April 27, 2006, this Court issued an order requiring Plaintiff to show cause why his complaint should not be dismissed pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). Petitioner has now filed a response to the Order to Show Cause.

    Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), where a prisoner seeks leave to proceed *in forma pauperis*, the Court may dismiss a case if, on three or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996). Plaintiff has filed at least three prior cases in federal district court which have been dismissed as frivolous. *See* Moore v. Newton, No. 99-60532 (E.D. Mich. Nov. 2, 1999) Moore v. Kula, No. 96-00262 (W.D. Mich. Apr. 25, 1996); Moore v. Jackson, No. 93-70760 (E.D. Mich. March 15, 1993); Moore v. Moore, No. 90-72443 (E.D. Mich. Feb. 13, 1991).

A plaintiff may maintain a civil action despite having had three or more civil rights actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1] To establish that his complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); Luedtke v. Bertrand, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception). Conclusory allegations are insufficient to satisfy the imminent danger exception to the three strikes rule. Chance v. Tennessee, 47 Fed. Appx. 762, 763 (6th Cir. 2002); Wilson v. 52nd District Court, 2002 WL 1009561, * 2 (E.D. Mich. Apr. 25, 2002).

In response to the Order to Show Cause, Plaintiff states that a computer microchip has been implanted in his brain and that his thoughts are transmitted to a computer. "A complaint

---

[1] Section 1915(g) provides, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this subsection if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

lacks an arguable basis in law or fact if it contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless." Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000), *quoting* Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Plaintiff's claims are "fantastic or delusional," and are, therefore, frivolous. Plaintiff fails to allege that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Thus, his complaint does not fall within the statutory exception to the three strikes rule and he may not proceed with this action *in forma pauperis*.

Accordingly, **IT IS ORDERED** that Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(g). Plaintiff is not authorized to proceed before this Court *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). Should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within 30 days. Upon receipt of the filing fee, the Court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. §§ 1915(e)(2) or 1915A(b).

Dated: October 11, 2006

s/George Caram Steeh

GEORGE CARAM STEEH

UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on

October 11, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee

Deputy Clerk